IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PENNY JUANITA WHITSON (#706251)                                                    PLAINTIFF

       v.            Civil No. 3:22-cv-03007-TLB-MEF

CORPORAL ANDREW HOLLIS,
Baxter County Detention Center (BCDC);
JAILER TABITHA MAZE, BCDC;
SERGEANT CLAY MAPLE, BCDC; and
FORMER JAILER DALTON MORRISON                                                  DEFENDANTS

## ORDER

Plaintiff has filed two Motions to Compel (ECF Nos. 27, 29). Defendants have responded (ECF No. 30) to the second Motion to Compel (ECF No. 29).

Plaintiff alleges that while incarcerated in the Baxter County Detention Center ("BCDC"), in the early part of 2020, she was attacked by fellow inmate Vanessa Henschel ("Henschel"). (ECF No. 1 at 4-6). Plaintiff was hit in the mouth and a front tooth knocked out. *Id.* at 6. Prior to her attack, Plaintiff asserts that Henschel had attacked other inmates and a female guard. *Id.* at 5. Despite this, Plaintiff states Henschel was allowed out of her cell at the same time as the other female inmates. *Id.* Plaintiff maintains Defendants failed to protect her from attack and failed to provide her medical treatment following the attack. *Id.* at 4-7.

In the first Motion to Compel (ECF No. 27), Plaintiff asks for (1) an order compelling the Arkansas Division of Correction ("ADC") to allow her to view and copy her own "inmate and medical/dental records," and (2) an ordering compelling the ADC to allow her to view specific information in Henschel's inmate and medical records that are relevant to the case. According to Plaintiff, the relevant records include Henschel's housing status, her class status, her security level,

1

and her incident reports while at the ADC during her prior and current incarceration.

The Motion to Compel (ECF No. 27) is **GRANTED in part and DENIED in part.** Specifically, an Order will be entered directing the Warden of the McPherson Unit to allow Plaintiff to access and copy her dental records dated January 2020 or later. Plaintiff's other inmate and medical records are not relevant to the failure to protect and denial of medical care claims asserted here. Similarly, Henschel's ADC records do nothing to establish that Defendants' were "deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." *Vandevender v. Sass*, 970 F.3d 972, 975-76 (8th Cir. 2020).

In the second Motion to Compel (ECF No. 29), Plaintiff seeks an order compelling Defendants to "provide answers to the re-phrased interrogatory questions for more accurate answers." Plaintiff indicates her discovery requests are untimely but asks the Court to allow her additional time as she has been on COVID-19 lock-down, has had little access to the law library, and has been transferred to a different unit and then back which has caused her to spend additional time in quarantine. Plaintiff indicates the interrogatories at issue are #1, #2 and #6, and request for production #10.

> **INTERROGATORY NO. 1:** Please list the punishment either the defendant or BCDC imposed on Vanessa Henschel when she assaulted jailer Tabitha King in early 2020.
>
> **ANSWER:** Objection. This Interrogatory is vague, overly broad, unduly burdensome, assumes facts not in evidence, and seeks information that is not relevant to the instant matter. Subject to and without waiving said objection, Ms. Henschel was criminally charged with Battery in the Second Degree and Impairing the Operations of a Vital Public Facility.
>
> **INTERROGATORY NO. 2:** Please list the punishment imposed on Vanessa Henschel by the defendant(s) when she assaulted the Plaintiff.
>
> **ANSWER:** Objection. This Interrogatory assumes facts not in evidence.

2

Subject to and without waiving said objection, Ms. Henschel was criminally charged with Battery in the Third Degree related to the incident at issue in the instant lawsuit.

**INTERROGATORY NO. 6:** Please list the defendant(s) if any have been involved in a Section 1983 suit before and list the case number(s) and/or circumstances if any of the cases settled out of court.

**ANSWER:** Objection. This Interrogatory is vague, overly broad, unduly burdensome, assumes facts not in evidence, and seeks information that is not relevant to the instant matter. Subject to and without waiving said objection, Defendants do not maintain a list of 42 U.S.C. § 1983 lawsuits that they have been involved in. Further, § 1983 lawsuits are public record, and therefore, Defendants direct Plaintiff to PACER for the information she seeks.

* * *

**REQUEST FOR PRODUCTION NO. 10:** Please provide any still photos of the incident/assault pertaining to this case that might be used at trial.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad, unduly burdensome, assumes facts not in evidence, and seeks information that is not relevant to the instant matter. Subject to and without waiving said objection, Defendants are not aware of any photographs at this time.

Regarding Interrogatory No. 1, Plaintiff indicates that, in addition to any criminal charges brought, she was seeking information about any punishment set by the jail such as lock-down, solitary confinement, loss of privileges, and how long the punishment lasted. Similarly, with respect to Interrogatory No. 2, Plaintiff seeks information regarding any punishment imposed on Henschel by the jail resulting from her attack on Plaintiff. In connection with Interrogatory No. 6, Plaintiff states she is incarcerated and has no access to the Internet or Pacer. Finally, regarding Request for Production No. 10, Plaintiff states two video files were produced. While she has viewed the video files, Plaintiff requests still photos of relevant information in the video.

Defendants assert that Plaintiff's second set of discovery requests are untimely under the Initial Scheduling Order. (ECF No. 20). They point out the discovery deadline was September

3

23, 2022, and any problems with discovery were to be filed within 20 days after the discovery response was due. Defendants submitted their discovery responses to the Plaintiff on June 15, 2022. They indicate they received the second set of interrogatories and requests for production of documents on September 23, 2022. Defendants returned the discovery requests to Plaintiff as untimely.

The Court is mindful of the impact that COVID-19 has had on incarcerated individuals; despite this, the Court believes adherence to the Court's Scheduling Orders is required. However, the Plaintiff's Motion to Compel includes a request that the discovery deadline be extended to allow Defendants to respond to her second set of discovery requests. Under the circumstances outlined by Plaintiff, the Court believes an extension of the discovery deadline is warranted. Defendants will be required to respond to the second set of discovery requests. In doing so, the Court notes that it considers Defendants' response to Interrogatories Nos. 1 and 2, quoted above, to have been inadequate. The interrogatory clearly encompassed any punishment imposed by the jail—not just criminal charges initiated by the prosecuting attorney. Similarly, the Court believes the response to Interrogatory No. 6 to have been inadequate. Advising the Plaintiff to find the answers to her question on PACER is absurd under the circumstances. Defendants should have provided a list of § 1983 cases in which they were named Defendant. The Court concludes Defendants' response to Request for Production No. 10 was adequate as no photographs exist.

For the reasons stated above, the Plaintiff's Motion to Compel (ECF No. 29) is **GRANTED in part and DENIED in part.** Plaintiff's request for an extension of the discovery deadline is granted. As Plaintiff has included in her second set of discovery, interrogatories designed to elicit the information she sought in Interrogatories #1, 2, and 6 of her initial set of interrogatories, the

remainder of the Motion to Compel is denied. Defendants are directed to respond to the Plaintiff's second set of Interrogatories and Requests for Production of Documents within 30 days of the date of this Order.

    IT IS SO ORDERED this 18th day of October 2022.

                                              /s/ *Mark E. Ford*
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE