IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PENNY JUANITA WHITSON                                                    PLAINTIFF

V.                            CASE NO. 3:22-CV-3007

CORPORAL ANDREW HOLLIS,
Baxter County Detention Center (BCDC);
JAILER TABITHA MAZE, BCDC;
SERGEANT CLAY MAPLE, BCDC;
and FORMER JAILER DALTON MORRISON                                        DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Penny Juanita Whitson pursuant to 42 U.S.C. § 1983. Ms. Whitson proceeds *pro se* and *in forma pauperis*. The claims in the case arise from her incarceration in the Baxter County Detention Center in March 2020. She contends that during her incarceration, the named Defendants failed to protect her from attack by another inmate or provide her with adequate dental care immediately after the attack. The inmate in question hit Ms. Whitson in the mouth, knocking out one of Ms. Whitson's front teeth and loosening another. Ms. Whitson sued all Defendants in their individual and official capacities.

On February 13, 2023, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 51) as to Defendants' Motion for Summary Judgment (Doc. 33). The R&R recommends preserving the failure-to-protect claim for trial and dismissing the official-capacity and denial-of-medical-care claims. Defendants did not object to the R&R, and the Court agrees the failure-to-protect claim should proceed to trial.

On March 24, 2023, Ms. Whitson filed Objections (Doc. 56) as to the

1

recommended dismissal of the denial-of-medical-care claim. She did not object to the dismissal of the official-capacity claim, and the Court agrees with the Magistrate Judge that this claim should be dismissed.

In light of Ms. Whitson's objections, the Court reviewed the entire record *de novo*. *See* 28 U.S.C. § 636(b)(1). She contends that Defendants Andrew Hollis and Clay Maple knew or should have known that she was injured by another inmate on Sunday, March 22, 2020, and needed immediate medical care, yet they each failed to make a written referral to the medical staff that same day. Ms. Whitson acknowledges that another jailer, separate Defendant Tabitha Maze, did document the injury the day *after* it occurred, March 23, and Ms. Whitson saw a jail nurse that day. There is no dispute that Ms. Whitson's dental complaints were non-life-threatening and that she was examined by an Advanced Practice Registered Nurse ("APRN") on March 25, three days after the attack. Ms. Whitson believes she should have been seen by the APRN sooner than that and accuses her jailers of deliberate indifference to her serious medical needs.

The Court **OVERRULES** Ms. Whitson's objection, as no reasonable jury could find deliberate indifference under this undisputed set of facts. None of the Defendants were members of the jail's medical staff. Under the law, prison guards are guilty of deliberate indifference when they "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). As there are no facts to support a claim of deliberate indifference by Defendants, this claim will be dismissed on summary judgment.

In a separate objection, Ms. Whitson asks for leave to sue the unnamed APRN for

deliberate indifference. The Magistrate Judge recommends denying this request as untimely. The Court agrees for the reasons explained below.

Ms. Whitson filed her case on February 16, 2022. (Doc. 1). She sued only her jailers and was granted leave to proceed *in forma pauperis.* All Defendants answered the Complaint by May 24, 2022. See Docs. 10 & 19. The Court issued an Initial Scheduling Order on May 26, setting a discovery deadline of July 11, a deadline to amend pleadings of August 24, and a dispositive motion deadline of October 24. See Doc. 20. As to the deadline to amend pleadings, the Initial Scheduling Order particularly cautioned: **"Motions not timely filed may be denied solely for that reason."** *Id.* at p. 2 (emphasis in original).

At the time Ms. Whitson filed her Complaint, she was housed in the McPherson Unit of the Arkansas Department of Correction in Newport, Arkansas. See Doc. 1. She appropriately informed the Court of her transfer on or about June 25 to the Hawkins Unit in Wrightsville, Arkansas. See Doc. 21. On August 22, she notified the Court that she had been transferred again, this time back to the McPherson Unit. See Doc. 23. On September 8, she requested that counsel be appointed to represent her and that her upcoming deposition be postponed. See Doc. 24. The Magistrate Judge denied both requests. See Doc. 26.

Then, on September 27 and October 12, Ms. Whitson filed two separate motions to compel discovery. See Docs. 27 & 29. In her motions she explained that she had been on lockdown without access to the law library due to her recent prison transfers. As a result, she had not been able to mail written discovery requests to Defendants and sought leave to do so out of time. Magistrate Judge Ford granted in part and denied in

part her requests, noting:

> The Court is mindful of the impact that COVID-19 has had on incarcerated individuals; despite this, the Court believes adherence to the Court's Scheduling Orders is required. However, the Plaintiff's Motion to Compel includes a request that the discovery deadline be extended to allow Defendants to respond to her second set of discovery requests. Under the circumstances outlined by Plaintiff, the Court believes an extension of the discovery deadline is warranted. Defendants will be required to respond to the second set of discovery requests.

(Doc. 31, p. 4).

Ms. Whitson's successful motions to compel demonstrate her understanding of the scheduling order's deadlines and the fact that she needed to request leave of Court to amend those deadlines. On September 30, she filed a motion for leave to amend the Complaint, though the motion did not ask to add any defendants. See Doc. 28. Instead, she requested only inconsequential changes to the Complaint—for example, an increase in the amount of damages demanded. Id. Though her motion for leave to amend was filed more than a month after the formal amendment deadline, Magistrate Judge Ford considered it on the merits and did not deny it due to untimeliness. See Doc. 40.

Defendants filed their Motion for Summary Judgment on October 24, the dispositive motion deadline. On November 14, Ms. Whitson asked for an extended period of time to respond to the Motion, see Doc. 42, and the Court granted her request. A few days later, on November 18, Ms. Whitson filed two similar motions that—for the first time—sought leave to add the APRN as a defendant. See Docs. 43 & 44. It was then that Magistrate Judge Ford denied Ms. Whitson's request to amend as untimely. See Docs. 46 & 47. The amendment deadline had expired nearly three months before, and the discovery deadline had expired more than four months before. Ms. Whitson renewed her request for leave to amend in her response to summary judgment, see Doc. 49, pp.

4

42–43, and asked again in her objections to the R&R, see Doc. 56, pp. 2–9.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (citing Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)).

> A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Id. When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion. Id. If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule. Fed. R. Civ. P. 16(b).

Popoalli v. Corr. Med Servs., 512 F.3d 488, 497 (8th Cir. 2008).

Ms. Whitson has failed to show cause to modify the Court's scheduling order and add a new defendant at this late date. The Court appreciates that she is representing herself and is incarcerated. Some degree of flexibility with respect to dates and deadlines is often justified where a pro se plaintiff is concerned, and the Court has demonstrated such flexibility with respect to Ms. Whitson in this case. However, the fact that a plaintiff is pro se is not reason enough to throw the scheduling order out the window, particularly when the plaintiff demonstrates that she understands the importance of the deadlines and has previously moved for leave to amend them. Ms. Whitson had all the facts she needed to bring suit against the APRN at the time she filed her original Complaint. See Doc. 1, p. 6. She decided to sue her jailers, and not the APRN, and she must live with that decision at this point.

**IT IS THEREFORE ORDERED** that the Objections (Doc. 56) are **OVERRULED** and the R&R (Doc. 51) is **ADOPTED IN ITS ENTIRETY**. Defendants' Motion for Summary Judgment (Doc. 33) is **GRANTED IN PART** as to the official-capacity and denial-of-medical-care claims **AND DENIED IN PART** as to the failure-to-protect claim.

A final scheduling order will issue setting this matter for a jury trial.

**IT IS SO ORDERED** on this 3rd day of May, 2023.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE